THOMAS E. VASS v. BOARD OF TRUSTEES OF THE TEACHERS' AND
STATE EMPLOYEES' COMPREHENSIVE MAJOR MEDICAL PLAN;
GEOFFREY ELTING, DIRECTOR; AND EDS FEDERAL CORPORATION

No. 8710DC715

(Filed 15 March 1988)

**Administrative Law § 2— surgery covered under State Medical Plan—dispute covered by Administrative Procedure Act**

In accordance with N.C.G.S. Ch. 150B plaintiff's dispute with defendant as to whether plaintiff's eye surgery should be covered under the State Employees' Comprehensive Major Medical Plan should be brought under the Administrative Procedure Act, and plaintiff's appeal was therefore not properly before the Court of Appeals.

APPEAL by plaintiff from *Payne, Judge.* Judgment entered 30 April 1987 in District Court, WAKE County. Heard in the Court of Appeals 6 January 1988.

In 1984, plaintiff was an employee of the State of North Carolina and was insured through the State's self-insurance Major Medical Plan, which was administered by EDS Federal Corporation (hereinafter EDS) and overseen by the Board of Trustees of the Teachers' and State Employees' Comprehensive Major Medical Plan (hereinafter Board). Plaintiff's vision in his right eye had been steadily deteriorating and upon consultation with Dr. Frederic B. Kremer, an ophthalmologist, plaintiff underwent a procedure called radial keratotomy to correct the deteriorating condition in his right eye. Radial keratotomy involves laser incisions on the front surface of the patient's cornea.

Dr. Kremer successfully performed the surgery and plaintiff incurred medical expenses of $1,725.00. Plaintiff filed a medical claim with EDS to recover his costs but the claim was denied. Plaintiff then appealed to the Board which also denied his claim on four bases: 1) pursuant to N.C.G.S. § 135-40.6(6)h which states that "No benefits will be payable for surgical procedures specifically listed by the American Medical Association or the North Carolina Medical Association as having no medical value," 2) pursuant to N.C.G.S. § 135-40(b) which states that "The Plan benefits will be provided under contracts between the State and the Claims Processor selected by the State . . . and shall be administered by the respective Claims Processor of the State which will

determine benefits and other questions arising thereunder, 3) the recommendation of the Plan Administrator's Medical Director, 4) the Board's belief that the procedure is basically a substitute for eyeglasses which are not covered under the Plan.

Plaintiff attempted to convince the Board to reconsider its decision and received a letter from Medical Director Sarah T. Morrow which stated that plaintiff had exhausted all of his appeal processes with the Board and that "[t]here is no further appeal other than through litigation." Plaintiff, thereafter, instituted this action for breach of contract against the Board, Geoffrey Elting, the Plan Director, and EDS. Defendants Board and Elting filed a joint answer and motion to dismiss. The motion was granted as to Elting but was denied as to the Board. Defendant EDS filed a separate motion to dismiss which was granted. Both plaintiff and the remaining defendant, the Board, filed motions for summary judgment. Both motions were heard on 13 March 1987 with the trial court granting defendant's motion and denying plaintiff's motion for summary judgment. From this judgment, plaintiff appeals.

*Paul Baldasare, Jr. for plaintiff appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Angeline M. Maletto, for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in denying his motion for summary judgment and in granting the Board's motion because "a proper interpretation of the State's statutory insurance plan clearly requires the State Board to pay for coverage of radial keratotomy surgery."

First, we must address the issue of whether plaintiff's appeal is properly before this Court. G.S. 150B establishes a uniform system of adjudicatory procedures for state agencies. "Agency" is defined as "any agency, institution, board . . . or officer of the State government." G.S. 150B-2(1).

> Notwithstanding any other provision of law, if the agency and the other person do not agree to a resolution of the dispute through informal procedures, either the agency or the person may commence an administrative proceeding to

determine the person's rights, duties, or privileges, at which time the dispute becomes a "contested case."

G.S. 150B-22. The Board of Trustees of the Teachers' and State Employees' Comprehensive Major Medical Plan, established in G.S. 135-39, is an administrative agency. In accordance with G.S. 150B, plaintiff's dispute with the Board should be brought under the Administrative Procedure Act. This case is remanded to the trial court to be dismissed for lack of subject matter jurisdiction.

Remanded for dismissal.

Judges WELLS and SMITH concur.